THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

vs.

33.8574 ACRES OF LAND, MORE OR
LESS, SITUATE IN HUDSPETH COUNTY,
STATE OF TEXAS; AND UNKNOWN
HEIRS AND/OR DEVISEES OF GABINO
SALAS, *ET AL.*,

    Defendants.

CIVIL NO. CIVIL NO. 3-19-CV-00214

**COMPLAINT IN CONDEMNATION**
**WITH DECLARATION OF TAKING (40 U.S.C. §3114)**

The United States of America, by and through the undersigned Assistant United States Attorneys, files this Complaint in Condemnation with Declaration of Taking pursuant to 40 U.S.C. §§ 3113 and 3114.

1. This is a civil action brought by the United States of America at the request of the Secretary of the Department of Homeland Security, through the Executive Director, Asset Management, of United States Customs and Border Protection, for the taking of property under the power of eminent domain through a Declaration of Taking (**Exhibit 1**), and the determination and award of just compensation to the owners and parties in interest.

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

3. The authority for the taking of the land is under and in accordance with the authorities set forth in Schedule A to **Exhibit 1** and made a part hereof.

4. The public purpose and use for which said property is taken is set forth in Schedule B to **Exhibit 1** and made a part hereof.

5. A general description of the land being taken is set forth in Schedule C to **Exhibit 1** and made a part hereof. A plan showing the property being taken is shown on Schedule D to **Exhibit 1** and made a part hereof.

6. The interest(s) being acquired in the property is described in Schedule E to **Exhibit 1** and made a part hereof.

7. The names and addresses of known parties having or claiming an interest in said property are set forth in Schedule G to **Exhibit 1** made a part hereof.

8. Local and state taxing authorities may have or claim an interest in the property by reason of taxes and assessments due and payable.

9. In addition to those persons named, there are or may be others who have or may have some interest in the property or interests to be taken, whose names are unknown to the Plaintiff, and such persons are made parties in the action under the designation "Other Interested Parties."

WHEREFORE, Plaintiff demands judgment that the property and interests be condemned, and that just compensation for the taking be ascertained and awarded, and such other relief as may be lawful and proper.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

BY:  */s/Matthew Mueller*
**MATTHEW MUELLER**
Assistant United States Attorney
Texas Bar No. 24095592
601 N.W. Loop 410, Suite. 600
San Antonio, Texas 78216
matthew.mueller@usdoj.gov
Tel. (210) 384-7362
Fax. (210) 384-7312

*/s/Kristy K. Callahan*
**KRISTY K. CALLAHAN**
Executive Assistant United States Attorney
Mississippi Bar No. 101255
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Kristy.Callahan@usdoj.gov
Tel.  (210) 384-7455
Fax.  (210) 384-7358

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Matthew Mueller*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | **DECLARATION OF TAKING** |
| ) | |
| vs. ) | |
| ) | |
| 33.8574 ACRES OF LAND, MORE OR ) | CIVIL NO. 3-19-CV-00214 |
| LESS, SITUATE IN HUDSPETH COUNTY, ) | |
| STATE OF TEXAS; AND UNKNOWN ) | |
| HEIRS AND/OR DEVISEES OF GABINO ) | |
| SALAS, *ET AL.*, ) | |
| ) | |
| Defendants. | |

DECLARATION OF TAKING

I, Loren Flossman, Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, under the authority delegated to me by the Act of Congress approved November 25, 2002, as Public Law 107-296, 116 Stat. 2311 and codified at 6 U.S.C. §§ 202, 251, and 557, which transferred certain authorities of the Attorney General to the Secretary of Homeland Security; and by DHS Delegation No. 7010.3(II)(B), which delegated land acquisition authority from the Secretary of Homeland Security to the Commissioner of U.S. Customs and Border Protection; and by CBP Delegation 18-200, which delegated land acquisition authority of $5 million dollars or less to the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol; do hereby declare that:

1. The authority for the acquisition of the estate in the property taken is set forth in Schedule A.
2. The public purpose for which the property is taken is set forth in Schedule B.
3. The legal description of the property taken is set forth in Schedule C.

EXHIBIT 1

4. A map or plat showing the land being taken is set forth in Schedule D.

5. The estate taken in the property is set forth in Schedule E.

6. The amount estimated to be just compensation for the taking, which sum I caused to be deposited in the Registry of the Court for the use and benefit of the persons entitled to it, is set forth in Schedule F. I am of the opinion that the ultimate award for the taking will be within the limit prescribed by law on the price to be paid for it.

7. The names and addresses of known parties who have or may claim an interest in the property are set forth in Schedule G.

8. The United States of America made best efforts to negotiate acquisition of the property interest sought prior to filing this condemnation action.

I, Loren Flossman, Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, state and declare that the property rights acquired are taken in the name of and for the use of the United States of America under the authority and for the public purpose stated herein.

IN WITNESS WHEREOF, the United States of America, by direction of the Secretary of the Department of Homeland Security and the Chief, U.S. Border Patrol, U.S. Customs and Border Protection, hereunto authorized, subscribes his name this _3L_ day of _June_, 2019 in the City of Washington, District of Columbia.

UNITED STATES OF AMERICA

BY: _____
Loren Flossman
Acquisition Program Manager
Wall Program Management Office
U.S. Border Patrol Program Management Office Directorate
U.S. Border Patrol
U.S. Customs and Border Protection
Department of Homeland Security

EXHIBIT 1

## SCHEDULE A

### AUTHORITY FOR THE TAKING

The property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Act of Congress approved March 23, 2018, as Public Law 115-141, div. F, tit. II, 132 Stat. 348, which appropriated the funds that shall be used for the taking.

EXHIBIT 1

## **SCHEDULE B**

## PUBLIC PURPOSE

The public purpose for which said property is taken is to conduct surveying, testing, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

EXHIBIT 1

## SCHEDULE C

## LEGAL DESCRIPTION

Hudspeth County, Texas

Tract: EPT-FHT-R1202
Owner: Unknown heirs and/or devisees of Gabino Salas, et al.
Acres: 33.8574

As identified in the Wrap Around Deed of Trust, Instrument # 113547, Volume 244, Page 423, filed on August 12, 2003, and the Release of Lien, Instrument # 128309, filed on September 10, 2008 (known as TRACT 3), in the deed records of Hudspeth County:

A portion of Section 27, Block "A", TEXAS AND PACIFIC RAILWAY COMPANY SURVEYS, and S. A. MAVERICK SURVEY NO. 134, all in Hudspeth County Texas: said property consisting of Tracts 1, 2, 3, 4, 5 and 6, Block 10, NEW GREEN VALLEY SUBDIVISION in Hudspeth County, Texas, according to a Plat thereof prepared by PEREZ & ASSOCIATES, Consulting Engineers; and being more particularly described by metes and bounds as follows:

BEGINNING at a point marking the East corner of Section 27, Block "A", Hudspeth County, Texas; said point also being a Westerly corner of Section 24, Block 64-1/2 (Public School Land);

THENCE, South 45° 00' West, 6601.55 feet along the Southeasterly line of Section 27 and the Northwesterly line of said Section 24 and Section 28, Block "A" to the POINT OF BEGINNING of this parcel; said point also marking the Southwest corner of Tract 1, Block 10 of said NEW GREEN VALLEY SUBDIVISION;

THENCE, North 26° 08' 25" West, a distance of 708.01 feet to a point along the Southwesterly line of said Tract 1;

THENCE, North 45° 00' East, a distance of 2086.77 feet to the Northeast corner of said Tract 6;

THENCE, South 45° 00' East, 670.00 feet to the Southeast corner of said Tract 6;

THENCE, South 45° 00' West, 2315.64 feet to the POINT OF BEGINNING, and containing 1,474,804.00 square feet, or 33.8574 acres of land, more or less.

EXHIBIT 1

## SCHEDULE D

## MAP



Exhibit A

**LAND TO BE CONDEMNED**

Tract: EPT-FHT-R1202
Owner: Unknown heirs and/or devisees of Gabino Salas, et al.
Acres: 33.8574

\* The case caption identifies acreage for the entire parent tract; access to the entire parent tract may be necessary to complete a survey of the proposed tract outlined in red on the map above.

EXHIBIT 1

## SCHEDULE E

### ESTATE TAKEN

Hudspeth County, Texas

Tract: EPT-FHT-R1202
Owner: Unknown heirs and/or devisees of Gabino Salas, et al.
Acres: 33.8574

The estate taken is a temporary, assignable easement beginning on the date possession is granted to the United States and ending 24 months later, consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in Schedule C to survey, make borings, and conduct other investigatory work for the purposes described in Schedule B and to access adjacent lands; including the right to trim or remove any vegetative or structural obstacles that interfere with said work; reserving to the landowners, their successors and assigns all right, title, and privileges as may be used and enjoyed without interfering with or abridging the rights hereby acquired; subject to minerals and rights appurtenant thereto, and to existing easements for public roads and highways, public utilities, railroads and pipelines.

EXHIBIT 1

## **SCHEDULE F**

ESTIMATE OF JUST COMPENSATION

The sum estimated as just compensation for the land being taken is ONE HUNDRED DOLLARS AND NO/100 ($100.00), to be deposited herewith in the Registry of the Court for the use and benefit of the persons entitled thereto; and, an additional sum determined at the conclusion of the temporary estate described in Schedule E to constitute actual damages, if any.

EXHIBIT 1

## **SCHEDULE G**

## INTERESTED PARTIES

The following table identifies all persons who have or claim an interest in the property condemned and whose names are now known, indicating the nature of each person's property interest(s) as indicated by references in the public records and any other information available to the United States. See Fed. R. Civ. P. 71.1(c).

| Interested Party | Reference |
|---|---|
| Unknown heirs and/or devisees of Gabino Salas<br>Unknown Address | EPT-FHT-R1202<br>August 12, 2003 - Wrap Around Deed of Trust, Instrument # 113547, Volume 244, Page 423, Deed Records of Hudspeth County<br><br>September 10, 2008 - Release of Lien, Instrument # 128309; Deed Records of Hudspeth County |
| Hudspeth County Tax Assessor<br>P.O. Box 158<br>Sierra Blanca, Texas 79851 | Taxing Authority |

EXHIBIT 1